EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO SOTO RIVERA, acusado y apelante.

Número 15383.
*Sometido:* 2 de junio de 1953.   *Resuelto:* 4 de noviembre de 1954.

*César Andréu Ribas,* abogado del apelante; *Hon. Secretario de Justicia Interino Juan B. Fernández Badillo* y *Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El señor Fiscal del anterior Tribunal de Distrito de Puerto Rico, Sección de Bayamón, presentó una acusación por infracción del art. 8 de la Ley núm. 17 de 19 de enero de 1951 (Leyes de 1950–51, pág. 427), contra don Pablo Soto Rivera porque: "allá en o por el día 18 de agosto de 1951, y en el Barrio Guaraguao de Bayamón, Puerto Rico, que forma parte del Tribunal de Distrito de Puerto Rico, Sección de Bayamón, Puerto Rico, allí y entonces, el referido acusado Pablo Soto Rivera, ilegal, voluntaria, maliciosa y criminalmente poseía y transportaba en el automóvil marca Mercury, modelo Coupe Sedan, tablillas 9372 para el año 1951–52 una pistola cargada marca Star, calibre 7.05, niquelada, cachas de madera color brown, serie número 554."

El acusado radicó ante el Tribunal una "Moción solicitando la supresión de evidencia obtenida mediante registro ilegal" alegando "que la obtención de dicha arma de fuego se hizo por agentes de la policía en momentos en que sin motivo legal procedieron al arresto y registro del acusado y de

su automóvil, o el que éste ocupaba mientras dormía en la carretera, hacia un lado de la misma, donde se había quedado sin batería y sin motor el auto donde viajaban el acusado y otras personas, sin que el acusado allí y entonces estuviera cometiendo delito público alguno, ni alterando la paz pública."

En otro caso relacionado con estos mismos hechos, El Pueblo de Puerto Rico, demandante y apelado, v. Pablo Soto Rivera, acusado y apelante, criminal 15382, sobre Infracción a la Ley de Armas de Puerto Rico, resuelto en esta misma fecha, ante pág. 206, llegamos a la conclusión que por haber estacionado su carro el acusado y apelante a la orilla de la carretera sin luces, el oficial de orden público que procedió al arresto del acusado realizó un arresto legal, en virtud del cual tenía derecho a registrar al acusado y al automóvil donde éste dormía y a incautarse de cualesquiera armas mortíferas que el mismo portara sobre su persona o dentro del automóvil, no constituyendo dicho arresto, registro e incautación ninguna violación de los derechos constitucionales del acusado.

Este caso quedó sometido por lo que se resolviera en el otro sobre la ilegalidad del registro e incautación, y por lo tanto, por el resultado de lo resuelto en el caso criminal 15382, *debe confirmarse la sentencia apelada.*

Los Jueces Asociados Sres. Negrón Fernández y Sifre disintieron.